In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-17-00404-CR
_____

**TAMARA DANIELLE ANGTON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court**
**Jefferson County, Texas**
**Trial Cause No. 16-25789**

**MEMORANDUM OPINION**

In this appeal, Tamara Danielle Angton's[1] court-appointed counsel submitted

a brief in which counsel contends that no arguable grounds can be advanced to

support Angton's appeal from her conviction for theft, a state jail felony.[2] Following

---

[1] The clerk's record also identifies Tamara Danielle Angton as Tamara Danielle Hines.

[2] *See* Tex. Penal Code Ann. § 31.03(e)(4)(D) (West Supp. 2018) (elevating Class A misdemeanor theft to a state jail felony theft if "the property stolen is less than $2,500 and the defendant has been previously convicted two or more times of any

Angton's conviction, the trial court sentenced Angton to a two-year sentence and assessed a $10,000 fine, which it based on the jury's verdict in Angton's trial.[3] Additionally, when the trial court rendered judgment, it made Angton's two-year sentence in Cause Number 16-25789 run consecutively to her prior conviction for theft, which originated in Brazos County, in Cause Number 72688.[4] Based on our review of the record, we agree that no arguable issues exist to support Angton's appeal.

On appeal, Angton's counsel filed a brief presenting counsel's professional evaluation of the record. In the brief, Angton's counsel concludes that Angton's appeal is frivolous because no meritorious issues can be argued to support it.[5] After Angton's counsel filed his brief, we granted an extension of time to allow Angton

---

grade of theft). Angton plead true to the allegations in the indictment alleging that she had two prior convictions for theft. Finally, while the Legislature amended the theft statute after Angton committed the theft that is the subject of this appeal, there are no changes in the theft statute that are pertinent to Angton's appeal. For that reason, we cite the current version of the Penal Code when referring to it in the opinion.

[3] *See id*. § 12.35(a), (b) (West Supp. 2018).

[4] *See* Tex. Code Crim. Proc. Ann. art. 42.08(a) (West 2018).

[5] *See Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978).

the opportunity to file a pro se response. She filed a pro se response, in which she complains that she received ineffective assistance of counsel during her trial.

When addressing an *Anders* brief and pro se response, a court of appeals may determine only (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error, or (2) that arguable grounds for appeal exist and remand the cause to the trial court so that new counsel may be appointed to brief the issues.[6] After reviewing the appellate record, the *Anders* brief filed by Angton's counsel, and appellant's pro se brief, we agree with counsel's conclusion that the appeal is frivolous. Therefore, we need not order the appointment of new counsel to re-brief Angton's appeal.[7] Accordingly, we affirm the trial court's judgment.[8]

AFFIRMED.

                                  _____

                                    HOLLIS HORTON
                                      Justice

Submitted on December 5, 2018
Opinion Delivered March 13, 2019
Do Not Publish
Before McKeithen, C.J., Kreger and Horton, JJ.

---

[6] *Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

[7] *Cf. Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[8] Angton may challenge our decision in the case by filing a petition for discretionary review. *See* Tex. R. App. P. 68.